UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| DOWN IN THE VALLEY, INC., a Minnesota Corporation; DISC AND TAPE, INC., a Minnesota Corporation; HIDEAWAY LLC, a Minnesota Corporation; and MIDWEST BOTANICALS, a Minnesota Corporation, | Case No. 11-CV-0499 (PJS/LIB) |
| Plaintiffs, | ORDER |
| v. | |
| THE UNITED STATES DRUG ENFORCEMENT ADMINISTRATION; U.S. DEPARTMENT OF JUSTICE; and its Director, MICHELE M. LEONHART, | |
| Defendants. | |

Marc G. Kurzman, KURZMAN GRANT LAW OFFICE, CHTD, for plaintiffs.

Brad P. Rosenberg, U.S. DEPARTMENT OF JUSTICE, and David W. Fuller and Bahram Samie, UNITED STATES ATTORNEY'S OFFICE, for defendants.

Plaintiffs brought this action challenging defendants' final order to temporarily place five synthetic cannabinoids into Schedule I of the Controlled Substances Act ("CSA"). Temporary Placement of Five Synthetic Cannabinoids Into Schedule I, 76 Fed. Reg. 11075 (Mar. 1, 2011) (to be codified at 21 C.F.R. pt. 1308).[1] On March 1, 2011, the Court ordered plaintiffs to show cause why this action should not be dismissed for lack of jurisdiction under 21 U.S.C. § 877, which "vests exclusive jurisdiction in the courts of appeals over '[a]ll final determinations, findings, and conclusions' of the DEA applying the CSA." *John Doe, Inc. v. Drug Enforcement*

---

[1]The original complaint included a fifth plaintiff, L.P.O.E., Inc. Docket No. 1. An amended complaint filed on March 8, 2011 removed L.P.O.E. as a party. Docket No. 26.

*Admin.*, 484 F.3d 561, 568 (D.C. Cir. 2007) (quoting 21 U.S.C. § 877).  For the reasons that

follow, the Court concludes that § 877 requires that plaintiffs' action be dismissed for lack of

jurisdiction.

With the exception of Midwest Botanicals, all of the plaintiffs in this case previously

sued the same defendants, making the same substantive challenges to the DEA's notice that it

*intended* to issue a final order that would temporarily list the five synthetic cannabinoids on

Schedule I.  *See L.P.O.E., Inc. v. U.S. Drug Enforcement Admin.*, No. 10-CV-4944 (PJS/LIB) (D.

Minn. filed Dec. 21, 2010).  The Court dismissed that action on the grounds that the challenge to

the notice of intent was not justiciable, and the challenge to the as-yet-not-issued order was not

ripe.  The Court also noted that, even if the federal courts had jurisdiction over plaintiffs' lawsuit

under Article III, the Court "would still be required to dismiss [the] action for lack of

jurisdiction, because under 21 U.S.C. [§] 877, [p]laintiffs would be able to obtain review of the

final order only in the United States Court of Appeals for the District of Columbia Circuit or in

the United States [] Court of Appeals for the Eighth Circuit."  Case No. 10-CV-4944 (PJS/RLE)

Transcript at 45 [Docket No. 35].  The Court's dismissal was summarily affirmed by the Eighth

Circuit.  *L.P.O.E., Inc. v. U.S. Drug Enforcement Admin.*, No. 11-1212, slip op. at 1 (8th

Cir. Feb. 9, 2011).

Now that the DEA has actually issued its order, plaintiffs' challenge to that order is ripe.

But this Court still does not have jurisdiction over the challenge because of § 877.  The order that

was issued by the DEA on March 1, 2011, is a "final order" of the DEA to temporarily list

synthetic cannabinoids on Schedule I of the CSA.  The DEA's "final order" is based on its

"findings" about the risk that such substances pose to public safety.  *See* 76 Fed. Reg. at 11075

(decision to temporarily list synthetic cannabinoids "is based on a *finding* by the Administrator that the placement of these synthetic cannabinoids into Schedule I of the CSA is necessary to avoid an imminent hazard to the public safety") (emphasis added)).  Section 877 could not be clearer:  "All final determinations, findings, and conclusions of the [DEA]" are "final and conclusive," except that "any person aggrieved by a final decision of the [DEA] may obtain review of the decision in the United States Court of Appeals for the District of Columbia [Circuit] or for the circuit in which [its] principal place of business is located."  Plaintiffs should do exactly what § 877 instructs them to do: obtain review in the D.C. Circuit or the Eighth Circuit.

As the Court noted in dismissing plaintiffs' previous action, there are a handful of district-court cases in which a particular action by the DEA was deemed to be a "final agency action" for purposes of the Administrative Procedure Act ("APA") but not a "final determination[], finding[], [or] conclusion[]" for purposes of § 877.  *See, e.g.*, *PDK Labs, Inc. v. Reno*, 134 F. Supp. 2d 24 (D.D.C. 2001); *Oregon v. Ashcroft*, 192 F. Supp. 2d 1077 (D. Or. 2002), *vacated for lack of jurisdiction*, 368 F.3d 1118, 1121 n. 1 (9th Cir. 2004), *aff'd*, 546 U.S. 243 (2006).  The district courts in each of those cases found that § 877 did not preclude district-court review of the DEA's action under the APA.  Plaintiffs do not rely on those decisions, and for good reason:  Even if the Court agreed with the reasoning of those decisions — and it does not, for the reasons explained by the D.C. Circuit in *John Doe*, 484 F.3d 561 — the reasoning of those decisions would not apply in this case.  The DEA's "final order" to temporarily list synthetic cannabinoids clearly qualifies as a "final determination[], finding[], [or] conclusion[]" for purposes of § 877.  Further, as *John Doe* noted, "as a matter of practice, almost all cases

challenging DEA decisions under the CSA have been filed directly in the courts of appeal pursuant to 21 U.S.C. § 877." *Id.* at 568.

Plaintiffs make two primary arguments in response to the Court's order to show cause: First, they argue that, because they challenge the DEA's order on constitutional grounds, the Court has federal-question jurisdiction over their claims pursuant to 28 U.S.C. § 1331. Pltf. Br. at 6-9 [Docket No. 22]. Second, they argue that, because the DEA did not engage in a fact-finding hearing, there are no factual determinations that could be meaningfully reviewed by a court of appeals under § 877. Pltf. Br. at 9-10.

Plaintiffs' first argument is foreclosed by the Eighth Circuit's decision in *State of Missouri v. United States*, 109 F.3d 440 (8th Cir. 1997). That case involved a constitutional challenge to certain actions by the Administrator of the Environmental Protection Agency ("EPA") under the Clean Air Act. *Id.* A provision of the Clean Air Act provides that challenges to final actions of the EPA must be brought in the courts of appeals. 42 U.S.C. § 7607(b)(1). The Eighth Circuit held that because the Clean Air Act's judicial-review provision "makes no distinction between constitutional challenges and other challenges," but rather "channels all petitions for review . . . into the courts of appeals," constitutional challenges to EPA actions under the Clean Air Act must be brought in the courts of appeals. *State of Missouri*, 109 F.3d at 441. The same reasoning applies in this case. Like the provision at issue in *State of Missouri*, § 877 "makes no distinction between constitutional challenges and other challenges" to the final decisions of the DEA. Accordingly, § 877's requirement that challenges to DEA actions under the CSA be brought in the courts of appeals applies equally to constitutional and non-constitutional challenges.

-4-

Plaintiffs' second argument — that this Court should review the DEA's action because the DEA failed to create a factual record that can be meaningfully reviewed by a court of appeals — is difficult to understand.  Whether the DEA's action is reviewed by this Court or by a court of appeals, the legality of the DEA's action must be assessed based on the record on which the agency relied.  And, as *John Doe* points out, "concern over the lack of a comprehensive administrative record is not sufficient cause to narrow the scope of 21 U.S.C. § 877" because courts of appeals "regularly review[] agency action with a limited or even non-existent administrative record under direct-review statutes analogous to 21 U.S.C. § 877."  484 F.3d at 569-70.  If the DEA's record is as sparse as plaintiffs allege, that may be a reason for the court of appeals to overturn the DEA's action, but it is not a reason for this Court to ignore § 877.

The Court notes that plaintiffs have filed a petition to review the DEA's final order in the United States Court of Appeals for the Eighth Circuit.  *See Down in the Valley, Inc. et al. v. U.S. Drug Enforcement Admin., et al.*, No. 11-1449 (8th Cir. filed Feb. 28, 2011).  That challenge is substantively identical to the challenge that plaintiffs have brought in this Court.  The government has conceded that, to the extent that the DEA's final order is reviewable, it is reviewable in the Eighth Circuit.  Thus, the dismissal of this action for lack of jurisdiction will not prejudice plaintiffs in any way.

ORDER

Based on the foregoing and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1.    This action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction under 21 U.S.C. § 877; and

2.      Plaintiffs' motion for a preliminary injunction and temporary restraining order

[Docket No. 2] is DENIED AS MOOT.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 11, 2011                          s/Patrick J. Schiltz
                                               Patrick J. Schiltz
                                               United States District Judge